PAUL NEMETH, DEFENDANT IN ERROR, v. SIMON SLAFF,
PLAINTIFF IN ERROR.

Submitted December 15, 1909—Decided February 28, 1910.

The trial judge, in giving his reasons for denying a request to charge
that "there was *no* evidence as to the amount of damages,"
pointed out certain factors in the testimony as showing the
inaccuracy of the proposition of fact that he was requested to
charge. *Held,* that, assuming that the language of the court would
be erroneous as an instruction to the jury as to the legal rule re-
specting damages, it cannot be laid hold of to reverse the judg-
ment for error, upon that aspect of the case, unless the attention
of the trial court was called to such possible application of its
remarks or to the danger of their being misapprehended in that
respect.

On error to the Passaic Circuit Court.

For the plaintiff in error, *Henry C. Whitehead.*

For the defendant in error, *Joseph H. Lefferts* and *Donald
Lefferts.*

The opinion of the court was delivered by

GARRISON, J. This writ of error brings up for review the
rulings of the Passaic Circuit Court against the motion of
nonsuit and the motion to direct a verdict in favor of the
defendant, and also an exception predicated upon the lan-
guage in which the refusal of the court to charge specifically
a request proffered by the defendant was couched.

Generally stated the plaintiff's case was that at the time
this cause of action arose the parties were the owners of ad-
joining real estate, that on the lot of the plaintiff was a
three-story brick building, and that the plaintiff's lot ex-
tended back from his house on which were flowers, vege-
tables and herbage. That the defendant made an excava-
tion on his lot for the construction of a four-story brick
tenement-house, and that there was testimony from which

the jury could find that the result of this excavation was the falling in of the plaintiff's garden and that the negligent manner in which the work was done injured the plaintiff's house.

The defendant's motion for a nonsuit and for the direction of a verdict were properly denied. The testimony raised controverted questions of fact upon all of the matters on which the plaintiff's right to a recovery and the defendant's claim to immunity from damages depended. The contention that a verdict should have been directed, because of the defendant's testimony that the excavation was made by an independent contractor, cannot prevail, inasmuch as there was also testimony that the defendant himself intermeddled with the work. This precise question was left to the jury, as one of fact, coupled with a statement of the law that if the evidence showed that the work was let out to an independent contractor the plaintiff could not recover from the defendant. As this statement was wholly favorable to the plaintiff in error, it is not necessary to determine its correctness as applied to the facts of this case.

The only remaining assignment of error to be considered is that based upon a bill of exceptions that presents the language used by the trial court in denying one of the requests to charge proffered by the plaintiff in error.

The request was "That there is no evidence before the jury in this case as to the amount of damage to the plaintiff's lot, and therefore the only damages which may be assessed are those to the building which may be found only in case the jury find that the work was done by the defendant negligently and carelessly."

It is admitted that this request was faulty and was properly denied, but exception was taken to the language in which the court couched its denial of the request. This is what the court said: "That request contains a number of propositions. I will have to separate it. Whether there is any evidence is not for the court to say. I cannot say there is no evidence before the jury in this case as to the amount of damage to the plaintiff's lot; I think there is, as a matter

of fact. I think there is evidence upon which you can determine what the damage was to the soil. You have the value of the lot. For instance, we have the fact that part of the garden with flowers and bushes on it were destroyed, sunk down. I think those facts alone would be quite sufficient for you to draw an inference as to the amount of damage in that respect. This request says that 'the only damages which may be assessed are those against the building' is not true. It goes on to say, 'which may be found only in case the jury find that the work was done by the defendant negligently and carelessly.' I think I will not charge that."

If this language had been used by the court as laying down a legal rule as to the quantum of proof required of the plaintiff, or if it had been used in response to a request to charge upon that aspect of the case, there would be much force in the contention that the entire rule, and, consequently, the correct rule, had not been charged. That, however, was not the situation. The judge was asked to charge that there was *no* evidence upon this point. To refute this proposition and to point out its inaccuracy the judge ran over certain factors in the testimony for the purpose, not of saying that they constituted adequate proof upon the point in question, but for the purpose of showing that they negatived the proposition of the request, viz., that there was *no* evidence. In view of the purpose for which it was used, therefore, the language of the court cannot be laid hold of to reverse this judgment. If counsel was dissatisfied with the charge upon the question of the quantum of proof required of the plaintiff, or if he deemed that the remarks of the judge (addressed apparently to counsel as the reasons for his ruling) might mislead the jury, the attention of the court should have been directed to the matter at a time when a fuller charge might have been made or any misapprehension as to the scope of the judicial remarks have been cleared up.

Without further discussion therefore of the accuracy of the judge's language considered as a substantive charge, this assignment must be held to be inadequate to support a reversal. The judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOOR-HEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, JJ.   15.

*For reversal*—None.